UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ALFRED TRIPPETT, on behalf of himself and all others similarly situated, | : | Case no. 1:25-cv-6213 |
| Plaintiffs, | : | |
| v. | : | CLASS ACTION COMPLAINT AND <u>DEMAND FOR JURY TRIAL</u> |
| SUGAR BEAR BROS., INC., | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **INTRODUCTION**

1. Plaintiff, who is legally blind and uses screen-reading software, brings this action on behalf of himself and others similarly situated against Sugar Bear Bros., Inc. ("Defendant"), the operator of https://empirecake.com (the "Website"). Defendant owns and operates a bakery known as Empire Cake, located at 450 6th Avenue, New York, NY 10011, and sells a variety of cakes and pastries through its Website.

2. Plaintiff is visually impaired within the meaning of federal and state disability laws, with vision no better than 20/200 even with corrective lenses. Like many blind individuals, Plaintiff relies on screen-reading software—in his case, NVDA—to access online content and navigate websites independently.

3. According to the U.S. Census Bureau, over eight million Americans have some form of visual impairment, including hundreds of thousands residing in New York. Despite the existence of well-established accessibility standards and technologies, many businesses still operate websites that are functionally unusable by blind individuals. This includes the Website operated by Defendant.

4. The Website offers customers the ability to browse, select, and order cakes, pastries, and other bakery items. However, it is riddled with access barriers that make it extremely difficult—and often impossible—for blind users to access core features. These include, but are not limited to, the inability to activate the cart and ordering functions via keyboard, missing or unreadable pricing information, and failure to properly announce basic store information such as operating hours.

5. On June 19, 2025, and again on July 15, 2025, Plaintiff visited the Website intending to purchase an assortment of cakes and pastries to surprise his partner. Despite his efforts, Plaintiff could not complete a transaction due to the inaccessibility of the site. As a result, he was denied the opportunity to independently enjoy the same online services available to sighted customers.

6. Defendant's failure to make its Website accessible excludes blind and visually impaired users from participating in the digital marketplace and denies them equal access to goods and services. In doing so, Defendant violates Title III of the Americans with Disabilities Act ("ADA"), as well as state and local civil rights laws.

7. Plaintiff seeks injunctive relief requiring Defendant to bring its Website into compliance with established accessibility standards, and to maintain that compliance on an ongoing basis. Plaintiff also seeks compensatory damages, attorneys' fees, and all other relief the Court deems just and proper.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the Americans with Disabilities Act. The Court also has supplemental jurisdiction over Plaintiff's related state and local law claims under 28 U.S.C.

§ 1367, including claims under the New York State Human Rights Law, Executive Law § 290 et seq., and the New York City Human Rights Law, Administrative Code § 8-101 et seq.

13. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District. Plaintiff resides in New York County and visited Defendant's Website from within this District. Defendant owns and operates a physical storefront at 450 6th Avenue, New York, NY 10011, and markets its goods and services, including its Website, directly to New York consumers.

14. Defendant targets New York residents and routinely transacts business within the state and this judicial district. Because Plaintiff encountered the access barriers described herein while attempting to use the Website in New York County, venue is both proper and consistent with due process.

15. Courts regularly find that where a plaintiff attempts to access an inaccessible website within a given district, venue lies in that district. See Access Now, Inc. v. Otter Products, LLC, 280 F. Supp. 3d 287, 294 (D. Mass. 2017) ("Although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim. Therefore, venue is proper.").

## **PARTIES**

16. Plaintiff Alfred Trippett is a resident of New York County. He is legally blind and requires the use of screen-reading software, specifically NVDA, to navigate the internet and access digital content. Plaintiff is a member of a protected class under the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. As a blind individual,

Plaintiff cannot access or interact with websites unless they are designed to be compatible with assistive technologies.

17. Defendant Sugar Bear Bros., Inc. is a New York corporation with its principal place of business at 450 6th Avenue, New York, NY 10011. Defendant operates a bakery under the name Empire Cake, which offers cakes, pastries, and related items for sale to the public. Defendant markets its products both in-store and online through its commercial Website located at https://empirecake.com.

18. The Website is a place of public accommodation under Title III of the ADA and offers various goods and services, including the ability to browse items, review product descriptions and pricing, and place orders for pickup or delivery. However, the Website is not fully accessible to individuals who rely on screen readers, including Plaintiff, and its design excludes blind users from independently using its features and completing transactions.

## NATURE OF THE CASE

19. The internet plays a vital role in modern life, serving as a central platform for commerce, communication, and access to information. For blind and visually impaired individuals, websites must be designed to work with screen-reading software in order to be independently usable. Without accessible coding and structure, digital content becomes effectively invisible to users who rely on assistive technology.

20. Plaintiff, who is legally blind, uses the NVDA screen reader to access websites. Screen-reading software converts text and other digital elements into synthesized speech or Braille output, allowing blind users to navigate and interact with online platforms. In order for such software to function

properly, website content must be properly formatted for text recognition, navigation, and keyboard-only use.

21. Web Content Accessibility Guidelines (WCAG) 2.2, developed by the World Wide Web Consortium (W3C), establish clear standards for digital accessibility. These guidelines are widely adopted by private businesses and government agencies alike and include key practices such as providing descriptive alt-text for images, enabling keyboard navigation, using meaningful link text, and ensuring all interactive elements can be accessed without a mouse. Courts have increasingly recognized WCAG compliance as the benchmark for digital accessibility under the ADA and similar laws.

22. Despite these well-established standards, Defendant's Website fails to meet even basic accessibility requirements. As a result, blind users are unable to independently browse, review, or purchase products from https://empirecake.com, effectively denying them equal access to the same services offered to the general public. This lack of accessibility places an unfair burden on blind individuals, who are often more dependent on online platforms due to mobility and transportation limitations.

23. By operating a Website that cannot be used by individuals with visual disabilities, Defendant excludes an entire class of consumers from equal participation in the digital marketplace and fails to comply with its obligations under federal, state, and local disability rights laws.

**FACTUAL ALLEGATIONS**

24. Defendant owns and operates the commercial website located at https://empirecake.com, which offers customers the ability to browse and order cakes, pastries, and other baked goods. The Website

is intended to serve the general public and includes features such as online ordering, store information, and product displays.

25. Plaintiff visited the Website on June 19, 2025 and again on July 15, 2025. On both occasions, he attempted to purchase an assortment of cakes and pastries to surprise his partner. Plaintiff uses the NVDA screen reader and relies entirely on keyboard navigation to access digital content.

26. During both visits, Plaintiff encountered significant accessibility issues that blocked him from completing his purchase. The Website's cart and order buttons could not be selected using a keyboard. Store hours and basic business information were either missing or unreadable by the screen reader. Product prices were not announced, and there was no accessible way to initiate or complete a purchase. The site also failed to include meaningful alternative text for images, and important form fields lacked labels.

27. These firsthand experiences were supported by the findings of a professional audit performed using SortSite. That evaluation uncovered widespread accessibility failures throughout the Website. Specifically, the site included images without alt-text, links and buttons without readable names, form fields with no labels, broken navigation structures, missing language declarations, JavaScript errors, and failures to meet minimum WCAG Level A and Level AA standards.

28. As a result of these barriers, Plaintiff was unable to use the Website independently and could not complete his intended transaction. The Website denied him equal access to the same goods and services that are freely available to sighted individuals. He remains interested in purchasing from Defendant and would attempt to do so again if the Website were made accessible.

29. Without court intervention, the discriminatory barriers on the Website will continue to exclude Plaintiff and other blind individuals from full and equal participation in Defendant's offerings.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and all others similarly situated. He seeks to certify a nationwide class under Rule 23 of the Federal Rules of Civil Procedure consisting of all legally blind individuals in the United States who attempted to use https://empirecake.com and were denied equal access to the goods and services it offers.

42. Plaintiff also seeks certification of a subclass consisting of all legally blind individuals in the State of New York who experienced the same barriers while attempting to access the Website.

43. The number of visually impaired individuals in both the nationwide and New York subclasses is so large that joinder of all members is impractical. Based on data from the U.S. Census Bureau and the American Foundation for the Blind, millions of people in the United States and hundreds of thousands in New York State are visually impaired. Class-wide relief is therefore appropriate.

44. This action is based on Defendant's uniform practice of operating an inaccessible website that excludes blind individuals from full and equal access to its goods and services. The central factual and legal questions are common to all members of the proposed class, including whether the Website is a public accommodation under federal and state law, whether it is required to comply with accessibility standards, and whether the inaccessibility violates the civil rights of individuals with visual disabilities.

45. Plaintiff's claims are typical of the class. Like the other members, he is legally blind, uses screen-reading software, and was unable to access Defendant's Website due to its structural barriers. He seeks the same legal relief as others in the class.

46. Plaintiff will fairly and adequately represent the class and has retained counsel experienced in class action litigation, disability rights, and digital accessibility cases. Plaintiff has no interests that are in conflict with other class members.

47. Class certification is proper under Rule 23 because Defendant has acted in a manner generally applicable to all class members by maintaining an inaccessible website. Injunctive and declaratory relief will benefit the entire class.

48. Alternatively, class certification is appropriate under Rule 23 because common legal and factual questions predominate over individual ones, and because a class action is the most efficient and fair way to resolve these claims. It avoids duplicative litigation and promotes judicial economy by consolidating what would otherwise be numerous individual lawsuits.

49. References to Plaintiff shall be understood to include both the named Plaintiff and each member of the proposed class, unless otherwise noted.

## FIRST CAUSE OF ACTION

*(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)*

48. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

49. Under Title III of the Americans with Disabilities Act, no individual shall be denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation on the basis of disability. This includes websites that operate as sales platforms for public-facing businesses.

50. Defendant's Website functions as a sales establishment within the meaning of the ADA and qualifies as a place of public accommodation. Defendant is subject to the ADA because it owns and operates the Website for the purpose of marketing and selling goods to the public.

51. It is unlawful under the ADA to deny individuals with disabilities the opportunity to participate in or benefit from goods and services, or to provide them with an unequal or lesser experience than that afforded to non-disabled individuals.

52. The Website is inaccessible to blind individuals, including Plaintiff, and excludes them from participating in its digital offerings. Defendant has failed to implement or maintain basic accessibility features such as alt-text, keyboard navigability, and proper labeling, all of which are necessary for screen-reading software to function properly.

53. The ADA also prohibits the use of administrative methods or design practices that have the effect of excluding individuals with disabilities. Defendant has used such practices by building and maintaining a Website that cannot be used independently by blind users.

54. The barriers on the Website could be corrected without fundamentally altering the nature of Defendant's business or creating an undue burden. These changes are technically feasible and already adopted by other businesses that comply with federal accessibility guidelines.

55. As a result of Defendant's conduct, Plaintiff and similarly situated blind individuals have suffered concrete harm. They have been denied full access to the Website and the goods and services offered through it.

56. Unless enjoined by this Court, Defendant will continue to operate a website that violates the ADA and excludes blind users from equal participation in the digital marketplace.

57. Plaintiff seeks injunctive relief requiring Defendant to bring the Website into compliance with Title III of the ADA. Plaintiff also seeks reasonable attorneys' fees, costs, and any other relief this Court deems just and proper under 42 U.S.C. § 12188.

## SECOND CAUSE OF ACTION

*(Violation of New York State Human Rights Law, N.Y. Exec. Law
Article 15 (Executive Law § 292 et seq.))*

58. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

59. Under the New York State Human Rights Law, it is unlawful for any owner or operator of a place of public accommodation to deny individuals the accommodations, advantages, facilities, or privileges of that place based on disability. This includes the failure to make reasonable modifications or to provide auxiliary aids and services necessary for equal access.

60. Defendant owns and operates a commercial Website that offers bakery products to the general public. The Website functions as a public accommodation and falls within the scope of the New York State Human Rights Law.

61. Defendant has violated this law by refusing to address the known accessibility barriers on its Website. These barriers make the Website unusable to blind individuals, including Plaintiff, and deny them equal access to the goods and services Defendant provides to sighted customers.

62. The law requires that businesses make reasonable modifications to their policies and digital infrastructure to accommodate individuals with disabilities. Defendant has not done so, despite the fact that making its Website accessible would not fundamentally alter its business or cause an undue burden.

63. Defendant's conduct reflects a pattern of intentional discrimination. The Website was constructed and is maintained in a manner that is inaccessible to blind users. Defendant knew or should have known of this discrimination and has failed to take corrective action despite the harm it causes.

64. As a result, Plaintiff and members of the proposed class have been denied full and equal access to Defendant's digital platform, and they continue to be excluded from its services.

65. Plaintiff seeks injunctive relief requiring Defendant to remove the access barriers and bring its Website into compliance with the New York State Human Rights Law. Plaintiff also seeks compensatory damages, civil penalties, attorneys' fees, and any other relief permitted under Executive Law § 297.

## THIRD CAUSE OF ACTION

*(Violation of New York State Civil Rights Law,*
*NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))*

78. Plaintiff repeats and realleges all prior allegations as if fully stated herein.

11

79. Under New York Civil Rights Law § 40, every person in the state is entitled to full and equal accommodations, advantages, facilities, and privileges of any place of public accommodation. Section 40-c further prohibits discrimination based on disability in the exercise of these civil rights.

80. Defendant's Website functions as a public accommodation and is subject to these provisions. As the operator of the Website, Defendant is responsible for ensuring that individuals with disabilities are not excluded from accessing the goods and services it offers online.

81. Despite this obligation, Defendant has maintained a Website that is completely inaccessible to blind users, including Plaintiff. The Website's structure and lack of accessibility features prevent meaningful interaction with its content and functions, such as placing an order or reading product details.

82. The law also provides that any entity that aids, incites, or directly engages in this form of discrimination may be held liable for civil penalties. Defendant has knowingly failed to remedy the Website's inaccessibility despite the widespread harm it causes to blind individuals.

83. Plaintiff will serve notice on the Attorney General as required by Section 41 of the Civil Rights Law.

84. Defendant's refusal to make its Website accessible constitutes an ongoing violation of Sections 40 and 40-c. Plaintiff and the proposed class continue to be denied full and equal enjoyment of Defendant's services and offerings.

85. Under Section 40-d, Plaintiff is entitled to a statutory penalty of no less than one hundred dollars and no more than five hundred dollars per violation. Plaintiff also seeks injunctive relief, attorneys' fees, and all other remedies permitted under the Civil Rights Law.

## **FOURTH CAUSE OF ACTION**

*(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, et seq.)*

86. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

87. The New York City Human Rights Law prohibits owners and operators of public accommodations from denying individuals, on the basis of disability, any of the accommodations, advantages, services, or privileges offered to the public. This obligation includes a duty to make reasonable accommodations to ensure access for persons with disabilities.

88. Defendant owns and operates a Website that functions as a public accommodation. It markets goods and services to residents of New York City and invites consumers to place orders online for items available at its physical location.

89. Plaintiff is a resident of New York County and attempted to use the Website to purchase cakes and pastries. Due to the Website's inaccessible design, Plaintiff was unable to complete a purchase or even navigate the ordering process independently. These access barriers excluded him from a full and equal opportunity to enjoy the services Defendant offers to sighted users.

90. The City Law requires businesses to take affirmative steps to accommodate individuals with disabilities. Defendant has failed to provide an accessible Website, even though doing so is technically feasible and would not cause an undue burden.

91. Defendant has engaged in a pattern of discriminatory conduct by maintaining a Website that it knew, or should have known, is not compatible with screen-reading software. This failure

13

constitutes intentional discrimination and violates both the letter and spirit of the New York City Human Rights Law.

92. Unless Defendant is ordered to remediate its Website and maintain ongoing accessibility, Plaintiff and other blind users will continue to suffer unequal treatment.

93. Plaintiff seeks injunctive relief requiring that the Website be brought into full compliance with applicable accessibility standards. Plaintiff also seeks compensatory damages, civil penalties, attorneys' fees, and any additional relief authorized under Administrative Code §§ 8-120 and 8-126.

### FIFTH CAUSE OF ACTION

*(Declaratory Relief)*

94. Plaintiff repeats and realleges all prior allegations as if fully stated herein.

95. An actual and justiciable controversy exists between the parties. Plaintiff asserts that Defendant operates a Website that denies blind individuals full and equal access to its goods and services, in violation of federal, state, and local disability rights laws. On information and belief, Defendant disputes that the Website is unlawful or that its inaccessibility violates any legal obligation.

96. The Website contains well-documented structural barriers that prevent blind users from navigating or making purchases using screen-reading software. These barriers persist, and Defendant has not taken adequate steps to correct them.

97. Plaintiff seeks a declaration from the Court that Defendant's operation and maintenance of an inaccessible Website constitutes a violation of Title III of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. A judicial

declaration is necessary so that the parties understand their rights and obligations and can take appropriate steps moving forward.

98. Declaratory relief is appropriate to resolve this dispute and to affirm that blind individuals are entitled to equal access to public accommodations in both physical and digital spaces.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Website, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Website is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, Website, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y. Exec. Law § 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) An order directing Defendants to continually update and maintain its website to ensure that it remains fully accessible to and usable by the visually-impaired;

f) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

g) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

h) For pre- and post-judgment interest to the extent permitted by law; and

i) For such other and further relief which this court deems just and proper.

Dated: Manhasset, NY
July 29, 2025

GABRIEL A. LEVY, P.C.
*Attorney for Plaintiff*

**/s/ *Gabriel A. Levy, Esq.***

By: GABRIEL A. LEVY, ESQ (5488655)
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
Tel: +1 347-941-4715
Email: Glevy@glpcfirm.com